JOHNSON BROTHERS *v.* UNITED STATES

**No. 6522.**—Invoices dated Stoke on Trent, England, June 1943, etc.
Certified June 1943, etc.
Entered at New York, N. Y., July 20, 1943, etc.
Entry No. 701791, etc.

(Decided November 15, 1946)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KEEFE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

S. STERN STINER & CO., INC., ET AL. *v.* UNITED STATES

**No. 6523.**—Invoices dated Hucknall, England, October 1942, etc.
Certified October 1942, etc.
Entered at New York, N. Y., November 24, 1942, etc.
Entry No. 712659, etc.

(Decided November 18, 1946)

*Brooks & Brooks* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, were filed by the plaintiffs seeking to have the appraised values of the merchandise reduced by the amount of the so-called British purchase tax. In their stipulation of submission counsel for the respective parties have agreed that the issues involved herein and the issues involved in *United States* v. *Pitcairn*, C. A. D. 334, are similar in all material respects, and the record in that case has been admitted in evidence herein.

Upon the agreed facts, and following the cited authority, I find and hold the proper dutiable export values of the merchandise covered by these appeals to be the values found by the appraiser, less any amounts added by the importers on entry to meet advances made by the appraiser in similar cases then pending on appeal. Judgment will be rendered accordingly.